IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDRE LENOIR                                                                                           PLAINTIFF

VS.                                                              CIVIL ACTION NO.  5:04cv290-JCS

CHRISTOPHER EPPS, DOLAN WALLER,                                       DEFENDANTS
SANDRA JACKSON, and JANE T. BOUNDS

## MEMORANDUM OPINION AND ORDER

Plaintiff Lenoir, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983, while he was detained at the Wilkinson County Correctional Facility, Woodville, Mississippi.  Plaintiff is proceeding *pro se* and *in forma pauperis*. The Defendants are Christopher Epps, Dolan Waller, Sandra Jackson, and Jane T. Bounds.  The Court held an omnibus hearing in this matter, and subsequently the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment.  28 U.S.C. 636(c); Fed. R. Civ. P. 73.  At the omnibus hearing, the Court directed counsel for the Wilkinson County Defendants, Waller and Jackson, to inquire into the Plaintiff's custody status and report his findings to the Court.  Counsel for the Defendants Waller and Jackson submitted the report and simultaneously filed the Motion for Summary Judgment (docket entry number 38) which is before the Court.  The Plaintiff did not timely respond to the Defendants' Motion for Summary Judgment, but, with leave of Court, later filed a cross-Motion for Summary Judgment (docket entry number 42).  For the reasons discussed in this Memorandum Opinion and Order, the Court finds that this case should be dismissed as frivolous, that summary judgment should be granted in favor of the Defendants

Waller and Jackson, and that the Plaintiff's Motion for Summary Judgment should be denied. Furthermore, the Plaintiff's Motion for Emergency Transfer (docket entry number 37) is denied as it is beyond the power of this Court to grant the relief requested.

## I.  Background

The Plaintiff complains that the Defendants Epps, Waller, Jackson, and Bounds have erroneously, arbitrarily, and capriciously failed to classify him properly in violation of his First, Fifth, Eighth and Fourteenth Amendment rights.  According to the Plaintiff, the Defendants, under the MDOC's new point system for classification, found that the Plaintiff had a previous 1998 aggravated assault conviction which was incorrect.  As a result, the Plaintiff received an extra six points when his classification score was calculated.  He was placed in "C" custody from August 19, 2003, until October 28, 2004.  On October 28, 2004, he was released from "C" custody and was placed in "B" custody.  At that time, the Plaintiff received a new point sheet calculating his classification based on allegedly correct information.  The Plaintiff states that he was in lockdown or "C" custody for 14 months and has not received a parole eligibility or house arrest eligibility date because of the errors in his classification.  In other words, he objects to classification as it affected his eligibility for early parole, eligibility for house arrest, and eligibility to earn good time credits.  He does not complain that the "C" custody classification deprived him of the "minimal measure of life's necessities" or that the prison officials subjectively acted with "deliberate indifference" to his conditions of confinement.  See Sandin v. Conner, 515 U.S. 472 (1995).

## II.  Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(as amended), applies to

prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action is frivolous[1].  Furthermore, there is no "genuine issue as to any material fact" which would defeat the Defendants' motion for summary judgment.  F.R.C.P. 56.

Before addressing the claims of the Plaintiff pursuant to Section 1915(e)(2), the Court finds an alternative basis for dismissal in that it does not appear that the Defendants Epps, Jackson, or Waller were directly, personally, involved in this classification process, thus they are entitled to dismissal on that basis.  See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  Furthermore, the Plaintiff's claims against Bounds should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as the Plaintiff has failed to serve the Defendant Bounds within the time allowed by Rule 4(m).  The Court now turns to a discussion of Plaintiff's claims.

### A.  Custody Classification

It is clear that the plaintiff does not have a constitutional right to receive a certain classification while incarcerated.  Meacham v. Fano, 427 U.S. 215 (1976).  To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. The United States Court of Appeals for the Fifth Circuit has held that "an inmate has no

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

protectable liberty interest in his classification." Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003)(citing Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998); Woods v. Edwards, 51 F.3d 577, 581-82 (5th Cir. 1995)); see also Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984)(holding that Miss. Code Ann. §§ 47-5-99 to 47-5-103 (1972) do not create an expectation of any particular classification). "Classification of prisoners is a matter left to the discretion of prison officials." Id.(citing McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990)). The right of due process is implicated only when the extended lockdown results from disciplinary actions. Id. at 436. Hence, the plaintiff does not have a constitutional right to a certain classification level while in prison and the defendants' decision to place the plaintiff in a custody level different than the custody level he would choose for himself does not amount to a constitutional violation.

### B.  Parole Eligibility Date and House Arrest Eligiblity Date

Moreover, the Plaintiff does not have a constitutionally protected right to a parole eligibility date or house arrest eligibility date. In order to have a constitutional right to such a date, the plaintiff must have a constitutional right to parole. It is clear that the Due Process Clause of the Constitution does *not* create a liberty interest in parole. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979)(emphasis added). "The loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [the prisoner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)(citing Meacham v. Fano, 427 U.S. 215, 229 n.8 (1976)). Furthermore, the United States Court of Appeals for the Fifth Circuit has held that the Mississippi parole statute,

Miss. Code Ann. § 47-7-3 (1972), does not create a constitutionally protected liberty interest in an offender receiving parole.  Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir. 1987);  Irving v. Thigpen, 732 F.2d 1215 (5th Cir. 1984); see also Johnson v. Miller, 919 So.2d 273, 277(Miss. Ct. App. 2005) ("In Mississippi, prisoners have 'no constitutionally recognized liberty interest in parole.'")(citations omitted).  Consequently, the Plaintiff cannot maintain these claims.

### III.  Conclusion

It is clear that the Plaintiff does not have a constitutionally protected right to be placed in a certain custody classification.  Furthermore, the Plaintiff does not have a constitutionally protected right to a parole or house arrest eligibility date.  Because the Plaintiff's claims are without legal merit, this complaint is dismissed as to all Defendants as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with prejudice.  Summary judgment is also hereby granted in favor of the moving Defendants, Waller and Jackson, and the case is dismissed with prejudice as to these Defendants. Plaintiff's claims for injunctive and monetary relief are also denied. Furthermore, the Plaintiff's cross-motion for summary judgment is denied.

Because this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2]  If the Plaintiff receives "three strikes" he

---

[2] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of a serious physical injury.

will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.[3]

A final judgment will be entered in accordance with this memorandum opinion and order.

SO ORDERED, this the   26    day of March, 2007.

                                                               S/ James C. Sumner
                                              UNITED STATES MAGISTRATE JUDGE

---

[3]The Court notes that the Plaintiff has previously brought a case in this Court which was dismissed as frivolous and counted as a "strike."  See Lenoir v. King, et al., Civil Action No. 2:03cv72-PG, dismissed on August 4, 2003.